Opinion of
the Court.
ON motion, the defendant in error obtained judgment against the plaintiffs, for the amount of a judgement, costs, &c. which had been previously recovered against him as the surety of the intestate. The administrators having denied the execution of the obligation wherein Johnson alleged himself to be the surety, its execution was allowed to be proved by the obligee, without the introduction of the subscribing witness, although he appeared to have been summoned to attend, and actually resided in Mason county, but at the time of trial was in the state of Ohio on a transient visit. Whether, therefore, the evidence of the subscribing witness should not have been required, is the first question presented for the consideration of this court.
Under our act of assembly permitting securities to recover against their principals, no jury is necessary; because courts of equity could at all times exercise the same jurisdiction, without the intervention of juries.
Generally speaking, the execution of all instruments which are witnessed, must be proved by the subscribing witness himself. To this general rule there are, it is true, exceptions, such as where the subscribing witness is dead, or domiciled abroad; and perhaps it has been decided in modern times, that the rule should be relaxed, so as to dispense with the evidence of the attesting witness, where, though not actually domiciled abroad, yet, under the circumstances of the case, such as long absence, he may not be amenable to the process of the court; but neither authority, reason, conscience nor necessity requires a relaxation of the rule in a case where, like the present, the subscribing witness not only resides within the jurisdiction of the court, but has been in fact served with its process.
With respect to the other questions made by the assignments of error, we are of opinion the court decided correctly. We have no doubt, that by trying the cause without the intervention of a jury, the constitution was not in the slightest degree violated. By the constitution, it is true, the right of trial by jury is preserved in violate; but as, before its adoption, equity, according to its settled rules of proceeding, would, without a jury, have extended its relief in a case like the present, it cannot, since the passage of the statute giving this summary remedy, be held an infraction of the constitution, for the court to try the cause without the intervention of a jury. But because the evidence of the subscribing witness was not produced, the judgment must be reversed.